PREET BHARARA
United States Attorney for
the Southern District of New York
By:  SHARON COHEN LEVIN
     Chief, Asset Forfeiture Unit
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     Tel. (212) 637-1060

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :    JUDGE CASTEL
                                     :
          -v.-                       :    VERIFIED COMPLAINT
                                     :
ONE TYRANNOSAURUS BATAAR SKELETON,   :    12 Civ.
a/k/a LOT 49315 LISTED ON PAGE 92    :
OF THE HERITAGE AUCTIONS MAY 20,          12 CIV 4760
2012 NATURAL HISTORY AUCTION         :
CATALOG;                             :
                                     :
          Defendant-in-rem.          :
- - - - - - - - - - - - - - - - - - x

          Plaintiff United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

                I.  JURISDICTION AND VENUE

          1.  This action is brought by the United States of America pursuant to Title 18, United States Code, Sections 545 and 981(a)(1)(C) and Title 19, United States Code, Section 1595a(c) seeking the forfeiture of one Tyrannosaurus bataar skeleton, a/k/a Lot 49315 listed on page 92 of the Heritage Auctions May 20, 2012 Natural History Auction catalog (the "Defendant Property") for its

return to the Government of Mongolia.  A photograph of the Defendant Property is attached hereto as Exhibit A.

2. This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred within the Southern District of New York.

4. The Defendant Property is presently in the custody of Cadogan Tate Fine Art in Sunnyside, New York.

II.   PROBABLE CAUSE FOR FORFEITURE

A.   Background

5. The Gobi Desert, which is located in Mongolia, is a fertile fossil field of dinosaur relics, including those of the Tyrannosaurus (Tarbosaurus) bataar (the "Bataar").

6. The Bataar, a native of Mongolia, is a dinosaur from the late Cretaceous period, approximately 70 million years ago. Bataar fossils were first discovered in 1946, during a joint Soviet-Mongolian expedition to the Gobi Desert in the Mongolian Ömnögovi Province.

7. Since the Soviet-Mongolian Gobi Desert expeditions in the 1940s there have been several additional expeditions, all of which have recovered Bataar fossils from the Gobi Desert.

8. Bataar fossils have only been recovered from a small area in the Gobi Desert known as the Nemegt Basin located in Mongolia.

### B. Mongolian Law

9. Since as early as 1924 the Government of Mongolia has prohibited the personal or non-state ownership of items of cultural significance, such as the Defendant Property.

10. Article Three, Section One of the First Mongolian Constitution, which was enacted in 1924, specifically states

> [b]ecause/since all lands and resources within their subsoil, forests, water and the natural resources within them, as well as the culture and characteristics of Mongolia which have been in possession of the people since ancient times do meet the customs of the present state and its people, all assets and resources mentioned above shall be under the possession of the people, thus making private property of them prohibited.

11. According to Mongolian law, dinosaur fossils specifically are categorized as property of the Government of Mongolia. Article One of the 1924 Mongolian Rules to Protect the Antiquities states that "all antique items and relics of the past found within the territory of Mongolia shall be owned by Mongolia." "Antiques and relics" are further defined in Article Two, Section Five of the 1924 Mongolian Rules to Protect the Antiquities as "[p]aleonthological items such as remnants of ancient plants and animals as well as archeological findings that ought to be preserved in museums."

12. Article 13.1 of the 2001 Mongolian Protection of Cultural Heritage Law further provides that "[t]he territory and land bowels where historically, culturally and scientifically significant objects exist shall be under state protection and any such findings shall be a state property."

13. Mongolian Law has further protected the Mongolian Government's ownership interest in dinosaur fossils since as early as 1924 by criminalizing the illegal smuggling of such objects out of Mongolia.

14. Article Nine of the 1924 Mongolian Rules to Protect the Antiquities specifically states that "one-of-the-kind rare items are prohibited to be transported abroad."

15. Article 175.2 of the 2002 Criminal Code of the Law of Mongolia, which specifies the criminal penalty imposed for violations of the anti-smuggling laws, specifically provides that:

> in case historical or cultural valuable objects, museum exhibits, unique, rare and valuable findings of ancient animals and plants, archeological and paleontological findings and artifacts are smuggled through the national border, the assets shall be seized and the [persons] shall be imposed a fine . . . or imprisoned for two to five years.

16. Mongolia became a signatory to the United Nations Educational, Scientific and Cultural Organization, Convention on the Means of Prohibiting and Preventing the Illicit Import,

Export and Transfer of Ownership of Cultural Property on May 23, 1991.

### C. The Defendant Property

17. On or about March 27, 2010, the Defendant Property was imported from Great Britain to Gainesville, Florida. Florida Fossils was listed on the United States Department of Homeland Security, Customs and Border Protection Entry/Immediate Delivery form (the "Customs Entry Form") as the ultimate consignee. Florida Fossils, at the time, was owned by Eric Prokopi ("Prokopi"). On Prokopi's current business website, Everything-Earth.com, his occupation is listed as a commercial palaeontologist.

18. The Customs Importation documents for the Defendant Property contain several misstatements. First, the country of origin for the Defendant Property was erroneously listed on the Customs Entry Form as Great Britain rather than Mongolia. Second, the Defendant Property was substantially undervalued in the Customs Importation documents. The importation documents list the value of the Defendant Property as $15,000 contrary to the $950,000 - $1,500,00 value listed in the Heritage Auctions May 20, 2012 Natural History Auction catalog and the actual auction sale price of $1,052,500. Third, the Defendant Property was incorrectly described in the Customs Importation documents as "2 large rough (unprepared) fossil

reptile heads;" "6 boxes of broken fossil bones;" "3 rough (unprepared) fossil reptiles;" "1 fossil lizard;" "3 rough (unprepared) fossil reptiles;" and "1 fossil reptile skull."

19. After arriving in Florida from Great Britain the Defendant Property was transported to Texas then eventually transported to New York where it is currently located.

20. On May 20, 2012, the Defendant Property was offered for sale in New York City at an auction (the "Heritage Auction") conducted by Texas based Heritage Auctions, Inc. ("Heritage").

21. Prior to the Heritage Auction, Elbegdorj Tsakhia, the President of Mongolia ("President Elbegdorj"), obtained a Temporary Restraining Order (the "Order") from Texas State Civil District Judge Carlos R. Cortez prohibiting Heritage and its agents from auctioning, selling, releasing or transferring the Defendant Property.  Notwithstanding the entry of the state court order, Heritage completed the auction and the Defendant Property was sold for $1,052,500 contingent upon the outcome of any court proceedings on behalf of the Government of Mongolia.

22. The Defendant Property, which was listed as lot number 49315 in the Heritage Auction catalog is described as

> SUPERB TYRANNOSAURUS SKELETON
> T.bataar . . . ruled the food chain of the ancient floodplains that are today's Gobi Desert . . . This is an incredible, complete skeleton, painstakingly excavated and prepared . . . The body is 75% complete and

>     the skull 80% . . . Measuring 24 feet in
>     length and standing 8 feet high, it is a
>     stupendous, museum-quality specimen of one of
>     the most emblematic dinosaurs ever to have
>     stalked this Earth.

23. The Defendant Property was examined on June 5, 2012 at the request of the President Elbegdorj by several palaeontologists specializing in Bataars. Among those examining the Defendant Property was Dr. Bolortsetseg Minjin, PhD, Institute for the Study of Mongolian Dinosaurs, New York Representative of the Mongolian Academy of Sciences ("Dr. Minjin"); Dr. Philip J. Currie, Msc, PhD, FRSC, Professor and Canada Research Chair of Dinosaur Paleobiology at the University of Alberta, and President of the Society of Vertebrate Paleontology ("Dr. Currie"); and Dr. Khishigjav Tsogtbaatar, PhD, Head of Paleontological Laboratory and Museum, Research Center of Paleontology, Mongolian Academy of Sciences, Mongolia ("Dr. Tsogtbaatar"). All examining paleontologists concluded that the Defendant Property is a Tyrannosaurus bataar (also known as Tarbosaurus baatar). All the Palaeontologists agree that Bataars are native to Mongolia and all concluded that the Defendant Property almost certainly came from the Nemegt Basin in Mongolia. Attached as Exhibit B are reports from several of the examining paleontologists.

24. Specifically, Dr. Minjin concluded that the Defendant Property "was collected from Mongolia, probably in the

Nemegt Basin." Dr. Currie concluded that "Tarbosaurus bataar skeletons have only ever been recovered from the Nemegt basin and adjacent regions in Mongolia, which . . . indicates that . . . [the Defendant Property] was collected in Mongolia." Moreover, Dr. Tsogtbaatar concluded that "[t]he general appearance of the . . . [Defendant Property] and the color of the bones indicate to us that this is the skull and skeleton of a Tarbosaurus bataar (also known as Tyrannosaurus bataar) from the Nemegt Formation of Mongolia."

25. Additionally, Dr. Tsogtbaatar has stated that the Defendant Property "was unearthed [between] the period 1995-2005 from the Western Gobi Desert in Mongolia."

### III. CLAIMS FOR FORFEITURE

26. Incorporated herein are the allegations contained in paragraphs one through twenty-five of this Complaint.

27. Title 18, United States Code, Section 542 states, in pertinent part

> Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement in any declaration without reasonable cause to believe the truth of such statement, or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether

>or not the United States shall or may be
>deprived of any lawful duties . . . .

28.   Title 18, United States Code, Section 545 states, in pertinent part

>. . . Whoever fraudulently or knowingly
>imports or brings into the United States, any
>merchandise contrary to law, or receives,
>conceals, buys, sells, or in any manner
>facilitates the transportation, concealment,
>or sale of such merchandise after
>importation, knowing the same to have been
>imported or brought into the United States
>contrary to law - -
>
>Shall be fined under this title or imprisoned
>not more than 20 years, or both . . . .

29.   Title 18, United States Code, Section 545, further provides that "[m]erchandise introduced into the United States in violation of this section . . . shall be forfeited to the United States."

30.   Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture "[a]ny property, real or personal which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7))."

31.   Title 18, United States Code, Section 1956(c)(7)(A) defines "specified unlawful activity" as "any act or activity constituting an offense listed in section 1961(1) of this title."

32. Included among the list of Specified Unlawful Activities listed in section 1961(1) is Title 18, United States Code, Section 2314, which relates to interstate transportation of stolen property and Section 2315, which relates to sale or receipt of stolen goods.

33. Section 2314 of Title 18 of the United States Code, states in pertinent part

> Whoever transport, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud . . . shall be fined under this title or imprisoned not more than ten years, or both . . . .

34. Section 2315 of Title 18 of the United States Code, states in pertinent part

> Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise . . . which have crossed a State or United States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken . . .[s]hall be fined under this title or imprisoned not more than ten years, or both . . . .

35. Pursuant to Title 19, United States Code, Section 1595a(c)(1)(A) "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law shall be . . . seized and forfeited [to the United States] if it - is stolen, smuggled, or clandestinely imported or introduced."

36. The Defendant Property is subject to forfeiture pursuant to Title 19, United States Code, 1595a(c) because there is probable cause to believe that the Defendant Property was stolen from Mongolia and introduced into the United States contrary to law, in that the Defendant Property was (1) introduced into the commerce of the United States by means of false statements and/or (2) transported in foreign commerce knowing it was stolen or converted.

37. The Defendant Property is subject to forfeiture pursuant to Title 18, United States Code, Section 545 because there is probable cause to believe that the Defendant property is merchandise which was introduced into the United States in violation of that section, in that the Defendant Property was (1) introduced into the United States by means of false statements in violation of Title 18, United States Code, Section 542 and/or (2) imported into the United States knowing it was stolen or converted.

38. The Defendant Property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) because there is probable cause to believe that the Defendant Property is property, real or personal, which constitutes or is derived from a violation of Title 18, United States Code Section 2314 and/or Section 2315.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Property and that all persons having an interest in the Defendant Property be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Property to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      June 18, 2012

                                PREET BHARARA
                                United States Attorney for
                                the Southern District of New York
                                Attorney for the Plaintiff
                                United States of America

By: _____
     SHARON COHEN LEVIN
     Chief, Asset Forfeiture Unit
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     Telephone: (212) 637-1060

VERIFICATION

STATE OF NEW YORK           )
COUNTY OF NEW YORK          :
SOUTHERN DISTRICT OF NEW YORK )

Daniel Brazier, being duly sworn, deposes and says that he is a Special Agent with Immigration and Customs Enforcement/Homeland Security Investigations, Department of Homeland Security, and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the ground of his belief are conversations with other law enforcement officers and others, official records and files of Immigration and Customs Enforcement/Homeland Security Investigations, Department of Homeland Security, and the United States Government, and information obtained directly by deponent during an investigation of alleged violations of Title 18, United States Code, Sections 542, 545, 2314, and 2315 and Title 19, United States Code, Section 1595a.

_____
DANIEL BRAZIER
Special Agent
Immigration and Customs Enforcement/
Homeland Security Investigations,
Department of Homeland Security

Sworn to before me this
18th day of June, 2012

_____
NOTARY PUBLIC

STEVEN YAGODA
Notary Public - State of New York
No. 01YA6187396
Qualified in Nassau County
My Commission Expires May 19, 20/6