```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                              12 Civ. 4760 (PKC)

            -against-
                                                              MEMORANDUM
                                                              AND ORDER
ONE TYRANNOSAURUS BATAAR SKELETON,

                        Defendant-in-rem.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.:

On June 19, 2012, in reliance upon the truth of the statements made in a Verified Complaint, the undersigned issued a Warrant for the Arrest in rem of the Defendant Property, which was defined as One Tyrannosaurus Bataar Skeleton which had been placed for auction with Heritage Auctions (Complaint ¶ 1). As discussed below, the proceedings held on September 5, 2012 call into question some of the assumptions in the government's Verified Complaint.

The government's forfeiture case is premised upon the claim that the Defendant Property was shipped into this country based upon customs import documents which falsely stated the value of the shipment and falsely identified the country of origin. It also contends that the Defendant Property was improperly removed—smuggled and stolen—from the nation of Mongolia and that it should be returned to them as part of their cultural heritage. The government's evidence in support of the warrant of arrest included a photograph of the nearly complete skeleton of a single dinosaur from head to tail mounted on

upright supports. The skeleton was sold at auction for $1,052,500 but seized before delivery to the buyer.

The representations made on the record on September 5 by claimant's counsel call into question whether the Defendant Property was ever valued on a customs declaration as $15,000, as alleged in the Complaint at ¶18.  The $15,000 figure (or $19,000 as stated by claimant's counsel) appears to have been the valuation for one of four shipments into the United States of dinosaur bones some of which were encased in non-organic material and required extensive and difficult cleaning.  According to claimant's counsel, approximately 50% of the organic material comprising the Defendant Property had been previously acquired by the claimant in the United States. The nearly complete skeleton (80% of the head and 75% of the body) depicted in the government's evidence and sold at auction does not, according to claimant's counsel, come from a single Bataar. Claimant's counsel asserts that the four shipments together with the 50% material acquired in the United States were assembled by the claimant, Eric Prokopi, using his time, experience and talent, which greatly enhanced the value of the individual shipments.

There is also a serious question of whether the government has alleged sufficiently detailed facts supporting a reasonable belief that the Defendant Property originated in the nation of Mongolia and was removed in violation of Mongolian law.   The Bataar is said to be native to Nemegt Basin in the Gobi Desert in Mongolia.  The Nemegt Basin is in the Ömnögovi province of Mongolia which borders with China. There is nothing before this Court which speaks to whether 70 million years ago it would have been implausible for the Bataar to have roamed the bordering territory, including  present-day China, or whether geological formations in China (or other nearby nations) would have been

conducive to preservation of such skeletons.  The government represented that, thus far, substantially complete skeletons of Bataars have not been found outside of Mongolia but did not dispute claimant's counsel's representation that bones of Bataars—less than a full skeleton-- have been found elsewhere.

Finally, certain of the statutes on which the government premises forfeiture have specific mens rea requirements.  For example, the anti-smuggling provision requires the person who fraudulently or knowingly imports or brings the property into the United States—or receives it, must "know[] the same to have been imported or brought into the United States contrary to law. . . ."  The prohibitions on transportation or receipt of stolen goods require the person to "know[] the same to have been stolen. . . ." 18 U.S.C. §§ 2314 & 2315.  The Verified Complaint must set forth a basis for believing that some person who engaged in the prohibited conducted—not necessarily the claimant-- had the requisite knowledge.

The Verified Complaint in this action is more than a mere pleading; it was the evidentiary showing upon which the writ of arrest in rem was premised. Rule E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") requires the complaint to state "the circumstances from which the claim arises with such particularity that the . . . claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."  Rule G(2)(f) of the Supplemental Rules requires that the verified complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  In reliance, in part, upon the rules, the claimant has moved to dismiss the Verified Complaint.

In view of the recent developments, and without ruling on the sufficiency of the Verified Complaint, the Court orders as follows:

1. The time for claimant to reply on the motion to dismiss is stayed.

2. By September 21, 2012, the government shall either amend its Verified Complaint, for which leave is granted, or state that it does not wish to amend and stands on the existing pleading. Either the existing pleading, if the government elects to stand on it, or the amended pleading, if the government elects to amend, will be assumed to be the government's strongest effort to plead a claim for relief consistent with the known facts and this circumstance will be take into account in the event there is an application to further replead.

3. If the government elects to stand on its existing Verified Complaint, then claimant's reply brief will be due September 26, 2012.

4. If the government elects to amend, then, by October 5, 2012, claimant may either answer the amended Verified Complaint or move to dismiss. If a motion is filed, the government shall respond by October 19, 2012 and the claimant may reply by October 30, 2012.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 7, 2012